IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALICIA CHARLIE, LEONA GARCIA LACY,
DARRELL TSOSIE, and E.H., a minor,
by and through his guardian, GARY HICKS
on behalf of themselves and a class of similarly
situated individuals,**

    **PLAINTIFFS,**

v.                                                        Case No. 1:21-cv-652

**REHOBOTH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES,**

    **DEFENDANT.**

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Rehoboth McKinley Christian Health Care Services ("Defendant" or "Rehoboth"), by and through its undersigned counsel, Lewis Brisbois Bisgaard & Smith, LLP (Gregory L. Biehler), hereby removes this action filed in the Eleventh Judicial District Court for the State of New Mexico, County of McKinley, Cause No. D-1113-CV-2021-00235.

1. On June 4, 2021, Plaintiffs Alicia Charlie, Leona Garcia Lacy, Darrell Tsosie and E.H., a minor, by and through his guardian, Gary Hicks (collectively, "Plaintiffs") filed their Class Action Complaint against Defendant for damages, restitution and injunctive relief for the Class alleging claims for Negligence; Intrusion Upon Seclusion / Invasion of Privacy; Negligence *Per Se*; Breach of Implied Contract; Breach of Fiduciary Duty; Unjust Enrichment; violations of the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2, *et seq*. ("NMUPA") and violations of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq*. ("ACFA"). A copy of the Class Action Complaint is attached hereto as <u>Exhibit A.</u>

2. The U.S. Supreme Court has affirmed that a defendant needs only to plausibly allege the requirement for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547,553 (2014) (citing 28 U.S.C. § 1446(a)).

## I. THE REQUIREMENTS OF 28 U.S.C. § 1441 AND 1446 ARE MET.

3. *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 US.C. § 1446(b). Rehoboth acknowledges receipt of the Complaint on June 18, 2021, although a Return of Summons has not been filed by Plaintiffs as of the filing of this removal. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

4. *Removal to Proper Court.* Venue is proper because the United States District Court for the District of New Mexico is the district embracing the place where such action is pending. 28 U.S.C. § 111.

5. *Procedural Requirements*. Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and Affidavit of Non-Admitted Lawyer, the only pleadings filed with the Court as of the date of the filing of this removal, are attached hereto as **Exhibit A**. As required by 28 U.S.C. § 1446(d), Rehoboth will file an appropriate notice in the state court action and will serve on counsel of record a true and correct copy of this Notice of Removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

6. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

7. As set forth below, this is a putative class action in which (1) there are potentially 100 or more members in plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship than that of Rehoboth; and (3) the aggregate amount in controversy exceeds $5,000,000. Plaintiffs allege "approximately 207,191 Class Members suffered ascertainable losses in the form of the loss of benefit of their bargain, out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the unauthorized access and exfiltration of their sensitive and highly personal information." Complaint ¶ 2. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

A. **DIVERSITY OF CITIZENSHIP.**

8. Plaintiff E.H., a minor, is, and at all time mentioned in the Complaint was, a citizen of the State of Arizona. The Complaint alleges that this claim is brought on E.H.'s behalf by and through his guardian, Gary Hicks, who is also a citizen of the State of Arizona. Plaintiff Darrell Tsosie, of the proposed class, is a citizen of the State of Arizona. 28.U.S.C. § 1332(d)(2)(A). Defendant is a citizen of New Mexico. Because named Plaintiffs E.H., through his guardian, Gary Hicks, and Darrell Tsosie are Arizona residents and Defendant is a citizen of New Mexico, the minimal-diversity requirement is met.

B. **CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.**

9. Plaintiffs allege that "[t]his class action lawsuit arises out of the recent targeted cyberattack and data breach on RMCHCS's network that resulted in unauthorized access and exfiltration of highly sensitive and personal patient data (the "Data Breach"). Complaint ¶ 1.

Plaintiffs allege, "[a]s a result of the Data Breach, Plaintiffs and approximately 207,191 Class Members suffered ascertainable losses in the form of the benefit of their bargain, out-ot-pocket expenses and the value of their time reasonable incurred to remedy or mitigation the effects of the unauthorized access and exfiltration of their sensitive and highly personal information." Complaint ¶ 2.

10. Plaintiffs purport to represent a class of individuals residing in at least two states, New Mexico and Arizona. Complaint ¶ 20 and ¶24. Plaintiffs propose the following Class definitions:

> All persons RMCHCS identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "Class").
>
> All patients and/or customers RMCHCS identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "Customer Sub-class").
>
> All patients and/or customers residing in New Mexico RMCHCS identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "New Mexico Customer Sub-class").
>
> All patients and/or customers residing in Arizona RMCHCS identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "Arizona Customer Subclass").

Complaint ¶ 130. Plaintiffs propose to exclude from the Class' Defendant's officers, directors, and employees; any entity in which Defendant has a controlling interest; and the affiliates, legal

representatives, attorneys, successors, heirs, and assigns of Defendant and members of the judiciary to whom this case is assigned, their families and Members of their staff. Complaint ¶ 131.

11. Based on the allegations in the Complaint, the aggregate number of members in plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

12. Defendant disputes that the proposed class could ever be certified or that Defendant is liable for the claims Plaintiffs assert in the Complaint.

13. The aggregate amount-in-controversy, exclusive of interest and costs, exceeds the $5,000,000.00 jurisdictional minimum under CAFA. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6). While Plaintiffs do not plead a specific amount of damages in the Complaint (and in the case of any injunctive relief, the cost for compliance with the requested injunction), Plaintiffs allege, "Private Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years" (Complaint ¶ 90); "There is a strong probability that entire batches of stolen information have been dumped on the black market and are yet to be dumped on the black market, meaning Plaintiffs and Class Members are at an increased risk of fraud and identity theft for many years into the future" (Complaint ¶ 91); and "Sensitive Private Information can sell for as much as $363 per record according to the Infosec Institute" (Complaint ¶ 93 [citing Ashiq Ja, Hackers Selling Healthcare Data in the Black Market, lnfoSec (July 27, 2015), https://resources.infosecinstitute.com/topic/hackers-seHmg-heaJthcare-data-in-the-hlack-market/]). A claim of $363 per record for each of the alleged 207,191 Class Members by itself puts in controversy

$75,210,333.00 ($363 x 207,191 = $75,210,333.00.)  Additionally, Plaintiffs allege "medical data …was selling for $50.00 and up." Complaint ¶ 102  [citing Lisa Vaas, Ransomware Attacks Paralyze, and Sometimes Crush, Hospitals, Naked Security (Oct.3, 2019), https://naked.secuntv.sophos.com/2019/10/03/ransomeware-attacks-paralyze-and-sometimescrush-hospitls/#content..] Therefore, at $50 per person with 207,191 class members, this could potentially total an additional $10,359,550.00 ($50.00 x 207,191 = 10,359,550.00). In addition to these enormous claims for actual damages on the common law claims, the Seventh Count alleging violation of New Mexico's Unfair Practices Act, NMSA 1978, §§ 57-12-2, et seq. seeks for "Plaintiff and Subclass members … all monetary and non-monetary relief allowed by law, including injunctive relief, actual or statutory damages of $100 (whichever is greater), treble damages or statutory damages of $300 (whichever is greater), and reasonable attorneys' fees and costs." Complaint ¶ 233.  Aggregating these  amounts to determine the amount in controversy, as provided in 28 U.S.C. § 1332 (D)(6), demonstrates that the amount in controversy greatly  exceeds the $5,000,000 jurisdictional requirement.  *Dart Cherokee*, 135 S. Ct. at 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

      Based on the foregoing, Defendant Rehoboth McKinley Christian Health Care Services respectfully provides notice of removal of this action from the Eleventh Judicial District Court of the State of New Mexico, County of McKinley, bearing case number D-1113-CV-2021-00235, to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Gregory L. Biehler*
Gregory L. Biehler
*Attorneys for Defendant Rehoboth McKinley Christian Health Care Services*
8801 Horizon Blvd. NE, Suite 300
Albuquerque, New Mexico 87113
Telephone: 505.828.3600
Facsimile: 505.828.3900
Greg.Biehler@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed through the Court's CMECF e-filing system and served via e-mail on counsel of record this 15th day of July, 2021 as follows:

Kristina Martinez
EGOLF + FERLIC + MARTINEZ + HARWOOD, LLC
123 W. San Francisco Street, Second Floor
Santa FE, NM 87501
(505)986-9641
kmartinez@EgolfLaw.com

Gary E. Mason
David K. Lietz
MASON LIETZ & KLINGER LLP
511 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
(202) 640-1160
gmason@masonllp.com
dlietz@masonllp.com

Gary M. Klinger
MASON LIETZ & KLINGER LLP
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(202) 975-0477
gklinger@masonllp.com

*/s/ Gregory l. Biehler*
Gregory L. Biehler

4842-0604-0049.1