# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALICIA CHARLIE, *et al.*,

        Plaintiffs,

        v.

REHOBOTH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES,

        Defendant.

CIVIL NO. 21-652 SCY/KK

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between (1) Alicia Charlie, Leona Garcia Lacey, Darrell Tsosie, and E.H.,[1] by and through his guardian, Gary Hicks (collectively, "Plaintiffs"), on behalf of themselves and a class of similarly situated individuals, and (2) Rehoboth McKinley Christian Health Care Services ("RMCHCS" or "Defendant") (all parties collectively referred to as the "Parties").

## RECITALS

**WHEREAS,** on June 4 2021, Plaintiffs filed a putative class action styled, *Charlie v. Rehoboth Christian Health Care Services*, Case No. D-1113-CV-2021-00235 (11ᵗʰ Jud. Dist. McKinley Co., N. Mex.), alleging that RMCHCS failed to adequately safeguard its patients' electronically stored personally identifiable information ("PII") and protected health information ("PHI") in connection with a cybersecurity incident announced by RMCHCS on or about May 19, 2021 ("Data Breach").

**WHEREAS,** Plaintiffs alleged causes of action against RMCHCS for: (i) negligence; (ii) intrusion upon seclusion/invasion of privacy; (iii) negligence *per se*; (iv) breach of implied contract;(v) breach of fiduciary duty; (vi) unjust enrichment; (vii) violation of New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-2 *et seq.*; and (xiii) violation of Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521 *et seq.* Plaintiffs and the putative class sought monetary and equitable relief.

**WHEREAS,** on July 15, 2021, pursuant to the Class Action Fairness Act of 2005 and 28.U.S.C. Section 1332(d)(2)(A), RMCHCS removed the action to the U.S. District Court for the

---

[1] The full name of E.H. was provided to Defendant confidentially, and the Parties agree that the person referred to as E.H. is a party to this Agreement.

District of New Mexico, *Charlie v. Rehoboth McKinley Christian Health Care Services*, Civil No. 21-652 SCY/KK (D. N.M. 2021) (the "Lawsuit").

**WHEREAS**, on August 17, 2021, RMCHCS filed a Motion to Dismiss Plaintiffs' Complaint as a whole for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). RMCHCS's Motion to Dismiss was fully briefed on October 12, 2021.

**WHEREAS**, on April 11, 2022, the Court granted in part and denied in part RMCHCS's Motion to Dismiss Plaintiffs' Complaint. Specifically, the Court dismissed Plaintiffs' causes of action for: (i) intrusion upon seclusion/invasion of privacy; (ii) breach of implied contract; and (iii) violation of the Arizona Fraud Act, Ariz. Rev. Stat. §§ 44-1521 *et seq.* (insofar as it was based upon affirmative misrepresentations), but denied the remainder of RMCHCS's motion. The Court also granted Plaintiffs leave to amend until May 22, 2022. On May 12, 2022, RMCHCS filed an Answer to Plaintiffs' Complaint.

**WHEREAS**, after the Court's ruling on RMCHCS's Motion to Dismiss, the Parties agreed to engage in voluntary settlement negotiations;

**WHEREAS**, after multiple months of arms'-length negotiation between competent and experienced counsel for the Parties, on July 25, 2022, the Parties agreed to the terms of a settlement, desiring to resolve the Lawsuit rather than continue litigating;

**WHEREAS**, Plaintiffs and their counsel believe that, in consideration of all the circumstances, and after prolonged and serious arm's-length settlement negotiations with RMCHCS, the proposed settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of all members of the Settlement Class (as defined in paragraph 1 below);

**WHEREAS**, RMCHCS indicated its intent to contest every claim in the Lawsuit and maintains that it has consistently acted in accordance with governing laws, but after prolonged and serious arm's-length settlement negotiations with Plaintiffs' counsel and considering the expenses that would be necessary to defend the Lawsuit and the benefits of a final resolution of the Lawsuit, concluded that it is in its best interests to settle the Lawsuit on the terms and conditions in the Settlement Agreement;

**WHEREAS**, the Parties and their respective counsel have engaged in arm's-length settlement negotiations and mutually desire to settle the Lawsuit fully, finally, and forever on behalf of the Settlement Class and for the Released Claims (defined in paragraph 10 below) in accordance with the terms and conditions of the Settlement Agreement, which the Parties believe constitutes a fair and reasonable compromise of the claims and defenses asserted in the Lawsuit and upon final approval of the Court;

**WHEREAS**, based on their evaluation of the facts and the law, Plaintiffs and their counsel (hereinafter "Class Counsel") have agreed to settle the Lawsuit after considering such factors as (1) the benefits to the Settlement Class; (2) the risk, uncertainty, cost, and delay of litigation; and (3) the desirability of obtaining relief for Plaintiffs and the Settlement Class now rather than later (or not at all);

**WHEREAS**, Plaintiffs and Class Counsel have determined that the Settlement Agreement provides substantial benefits to the Settlement Class and represents a fair, reasonable, and adequate settlement of the claims that are or could have been alleged in the Lawsuit;

**WHEREAS**, RMCHCS and its counsel have made similar determinations, and, while denying wrongdoing, liability and fault, RMCHCS enters into the Settlement Agreement to avoid the expense, inconvenience, and inherent risk of litigation, as well as the concomitant disruption of its business operations.

## CERTIFICATION OF SETTLEMENT CLASS

1.      **The Settlement Class**: The Settlement Class is defined as follows:

> All persons to whom on or about May 19, 2021 Rehoboth McKinley Christian Health Care Services sent Notice of a Data Breach that was discovered on February 16, 2021, which involved an unauthorized person gaining access to certain systems containing PII/PHI.

Specifically excluded from the Settlement Class are: (i) RMCHCS's officers and directors; (ii) any entity in which RMCHCS has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of RMCHCS (not including employees). Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class is estimated to include approximately 191,009 individuals.

2.      **Certification of Settlement Class**: Promptly after execution of the Settlement Agreement, Class Counsel will ask the Court to issue an order certifying the Settlement Class for settlement purposes only. RMCHCS agrees not to object to this request without waiver of its right to contest certification or the merits of the Lawsuit if the settlement does not receive final approval or the Effective Date (defined in paragraph 14 below) does not occur.

## RELIEF TO THE SETTLEMENT CLASS

3.      **Relief to the Settlement Class**: If the proposed settlement receives final approval, RMCHCS will provide benefits to members of the Settlement Class ("Settlement Class Members") who do not submit a timely written request for exclusion from the Settlement Class as follows:

> a.   Compensation or Out-of-Pocket Losses and Lost Time: RMCHCS will agree to make available the following compensation to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Claims Administrator;
>
> b.   Compensation for Ordinary Losses: RMCHCS will reimburse documented out of pocket expenses incurred as a result of the Data Breach, up to a maximum of $500.00 per person, upon submission of a claim and supporting documentation, such as the following losses:

i.  Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

ii.  Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between May 19, 2021 and the date of the Settlement Agreement;

iii.  Compensation for up to 4 hours of lost time, at $15/hour, for a maximum of up to $60 per person, if at least one full hour was spent dealing with the Data Breach. Class members may submit claims for up to 4 hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Breach. This payment shall be included in the $500 per person cap for Compensation for Documented Out-of-Pocket Losses and Lost Time.

iv.  This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, but is exemplary. Settlement Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Incident.

c.  <u>Compensation for Extraordinary Losses</u>: RMCHCS will provide up to a maximum of $3,500.00 per person in compensation to each claimant who was the victim of actual documented identity theft for proven monetary loss if:

i.  The loss is an actual, documented, and unreimbursed monetary loss;

ii.  The loss was more likely than not caused by the Data Breach;

iii.  The loss occurred between May 19, 2021 and the date of the Settlement Agreement;

iv.  The loss is not already covered by one or more of the normal reimbursement categories; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

d.  <u>Credit Monitoring</u>: RMCHCS will pay for credit monitoring services as follows:

Settlement Class Members shall be offered an opportunity to enroll in 2 years of credit monitoring.

4.  **New Practices:** RMCHCS has implemented security-related improvements related to its cybersecurity since the Data Breach. RMCHCS agrees to provide Plaintiffs with

information regarding these improved security-related measures implemented by RMCHCS no later than 60 days after execution of the Settlement Agreement.

      **5.**     **Confirmatory Discovery:** RMCHCS shall provide confidential, discrete, and tailored confirmatory discovery for establishing the appropriateness of the settlement terms as contemplated under Federal Rule of Civil Procedure 23(b)(1) to Plaintiffs. The confidential discovery period will begin on the execution of the Settlement Agreement between the Parties and will conclude no later than 60 days thereafter.

      **6.**     **Claims Payments.**

      (a)     <u>Payments</u>. For all approved claims, the Claims Administrator shall provide to RMCHCS a list that includes the names of all approved claimants, the dollar amount and type of the claim and, if requested, the documentation that supports the claim. RMCHCS shall have 10 business days from the date the documentation is provided to advise the Claims Administrator and Class Counsel if RMCHCS disputes any approved claim. Within 15 business days of the Effective Date, RMCHCS shall pay into a Settlement Fund administered by the Claims Administrator an amount sufficient to pay all approved claims that are not disputed. As to any approved claim that is disputed, within 5 business days after being advised in writing that RMCHCS disputes the claim, the Claims Administrator shall provide to the Claims Referee all information related to the disputed claims and within 5 business days thereafter RMCHCS shall provide to the Claims Referee any information upon which RMCHCS disputes that claim. The Claims Referee shall as soon thereafter as is reasonably practicable uphold or reverse a disputed claim and advise the Claims Administrator, RMCHCS and Class Counsel of the Claims Referee's decision. For any disputed claim upheld by the Claims Referee, within 5 business days thereafter, or within 15 business days of the Effective Date, whichever is later, RMCHCS shall pay into the Settlement Fund the amount necessary for the Claims Administrator to pay that claim. RMCHCS shall have no obligation to pay any claim that RMCHCS disputes and the Claims Referee determines should not be paid. Payments will be paid to Settlement Class Members by the Claims Administrator as soon as reasonably practicable after RMCHCS funds payment of the approved claim in accordance with this Settlement Agreement. A copy of the claim form agreed to by the parties is attached as **<u>Exhibit D</u>**.

      (b)     <u>Returned Checks</u>: If a check is returned as undeliverable, the Claims Administrator will re-mail the check if a forwarding address is provided. If a new address is not provided, or if the check is re-mailed and returned, the check will be cancelled and RMCHCS will have no further obligation to attempt to make a payment to that Settlement Class Member.

      (c)     <u>Uncashed/Cancelled Checks</u>: Checks shall be valid for 90 days from the date of issue. A Settlement Class Member whose check is uncashed after the 90-day period may request a new check for up to 6 months from the date of the original check. Upon request, the Claims Administrator will provide Class Counsel and RMCHCS with a report on uncashed or cancelled checks. If a check remains uncashed for more than 270 days after the original date of issuance by the Claims Administrator, those funds will be returned to RMCHCS.

      **7.**     **Attorneys' Fees, Costs, and Incentive Award:**

(a)   <u>Attorneys' Fees and Costs</u>: RMCHCS agrees not to object to Plaintiffs' request for attorneys' fees to Class Counsel[2] in an amount not to exceed a total of $300,000.00, inclusive of costs ("Class Counsel Payment"). Class Counsel and Plaintiffs agree not to seek or accept a Class Counsel Payment greater than $300,000.00. Class Counsel will petition for approval of the Class Counsel Payment at least 14 days before the deadline for Settlement Class Members to Exclude themselves or Object, or any other deadline set by the Court. RMCHCS will pay the amount approved by the Court that does not exceed $300,000.00. The Class Counsel Payment was negotiated after the primary terms of the settlement were negotiated.

The Court-approved Class Counsel Payment will not affect any benefits provided to Settlement Class Members or Plaintiffs. RMCHCS shall pay the Court-approved Class Counsel payment in addition to the costs of costs of settlement administration and notice. RMCHCS will pay the Court-approved Class Counsel Payment within 10 business days of the Effective Date or the Court's Order approving this award, whichever is later, by wire transfer to the attorney trust account of Class Counsel David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, so long as the necessary documentation, including completed and executed tax reporting forms, is provided by co-Class Counsel. RMCHCS's obligations with respect to the Court-approved Class Counsel Payment shall be fully satisfied upon receipt of the funds by Class Counsel. Class Counsel will be responsible for any loss that may occur after receipt of the funds and for allocating the Court-approved Class Counsel Payment among Class Counsel or others. RMCHCS will have no responsibility or liability in connection with the allocation of the Court-approved Class Counsel Payment, or for any tax obligations or payments associated with the payment. Class Counsel will bear all liability, and RMCHCS will bear no liability (beyond the Court-approved Class Counsel Payment itself) in connection with any claim for payment made by any attorney or service provider who claims to have rendered services to, for, or on behalf of Plaintiffs, any Settlement Class Member, or Class Counsel in connection with the Lawsuit and this settlement.

Except for the Court-approved Class Counsel Payment, Class Counsel will be responsible for all fees, costs, and expenses incurred by Plaintiffs or Class Counsel in connection with the Lawsuit. No interest will accrue with respect to the Court-approved Class Counsel Payment.

(b)   <u>Service Award</u>: RMCHCS agrees not to object to Plaintiffs' request for Service Awards in an amount not to exceed $2,500.00 to each named Plaintiff for their time and effort on behalf of the Settlement Class. Class Counsel and each Plaintiff agree not to seek or accept a Service Award greater than $2,500.00 each. Class Counsel will petition for approval of the Service Awards at least 14 days before the deadline for Settlement Class Members to Exclude themselves or Object, or any other deadline set by the Court. RMCHCS will pay the amount approved by the Court that does not exceed $2,500.00 per named Plaintiff. The Court-approved Service Awards will not affect any benefit provided to Settlement Class Members, including Plaintiffs. The Service Awards to named Plaintiffs were negotiated after the primary terms of the settlement were negotiated. RMCHCS will pay the Court-approved Service Awards within 10 business days of the Effective Date or the Court's Order approving this award, whichever is

---

[2] Class Counsel in this matter are David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC.

later, by check payable to "Milberg Coleman Bryson Phillips Grossman, PLLC IOLTA Account" or by wire transfer to the client trust account of Class Counsel, Milberg Coleman Bryson Phillips Grossman, PLLC IOLTA Account at Banco Popular, San Juan, Puerto Rico, so long as the necessary documentation, including completed and executed tax reporting forms, is provided by Class Counsel. RMCHCS's obligation for payment of any Court-approved Service Awards will be fully satisfied upon receipt of the check or wire transfer by Milberg Coleman Bryson Phillips Grossman, PLLC. Plaintiffs will bear all liability, and RMCHCS will bear no liability, for payment of taxes due, if any, on the Court-approved Service Awards. No interest will accrue with respect to the Court-approved Service Awards if paid in accordance with the Settlement Agreement.

8.    **Settlement Administration:**

(a)    The Parties will choose a third-party Claims Administrator ("Claims Administrator") to provide notice of the settlement to the Settlement Class and otherwise administer the settlement in accordance with this Agreement, subject to the approval of the Court. The Claims Administrator will administer the settlement, including (i) providing the Short Form Notice, either by postcard notification of the proposed settlement to the same population as RMCHCS's pre-Lawsuit Data Breach notification, or by email notification when valid email addresses are available; (ii) create and host a Settlement Website, publicly accessible for at least 6 months after the Effective Date, dedicated to providing information related to this Lawsuit, including access to relevant publicly available court documents relating to this Lawsuit, the settlement and the Settlement Agreement, including the Short Form Notice (in postcard/short/email format) and Long Form Notice of the settlement (attached hereto as **Exhibits B and C**, respectively), and provide Settlement Class Members with the ability to submit claims and supporting documentation for compensatory relief on the Settlement Website or to download claim forms from the Settlement Website and submit the claim forms for compensatory relief with supporting documentation via first-class U.S. mail; (iii) maintaining a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding the Settlement Agreement; (iv)  post notification of the proposed settlement on the Settlement Website, which notification will be retained on the Settlement Website for a period of at least 90 days after the Effective Date; (v) processing claims and supporting documentation submissions, and the provision of approved payments to Settlement Class Members; (vi) processing requests for exclusion from Settlement Class Members; (vii) within 10 days after the filing of the motion to permit issuance of notice, the Claims Administrator acting on behalf of RMCHCS shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b); and (viii) any other provision of the Settlement Agreement that relates to the settlement and claims administration. Upon reasonable notice, the Claims Administrator and RMCHCS will make available for inspection by Class Counsel information reasonably necessary for Class Counsel to confirm that the Claims Administrator and RMCHCS have complied with the settlement administration aspects of the Settlement Agreement.

(b)    Review and Assistance: Class Counsel and RMCHCS will be permitted to audit and review actual (or summary reports on) claims made, claims approved or denied, checks issued, calculation of benefits under the settlement, returned checks and uncashed checks to

assist with (1) the effectuation of the settlement, and (2) the Parties' mutual desire to reasonably ensure that the benefits are administered in a manner to attempt to reach each Settlement Class Member.

(c)    Cost of Settlement Administration: RMCHCS will be responsible for the cost of settlement administration and notice, including the payment of the Claims Administrator and the Claims Referee, if needed. The cost of settlement administration will not affect any benefit provided to Settlement Class Members, including Plaintiffs. Except for the Court-approved Class Counsel Payment and Court-approved Service Awards, RMCHCS will not be responsible for, and will not pay, any additional costs or fees incurred by Plaintiffs or Class Counsel with respect to the negotiation, implementation, or administration of the settlement, or any costs incurred by any Settlement Class Member in connection with participating in, opting out of, or objecting to the settlement.

(d)    Dispute Resolution: In the event of a dispute over the validity of a claim, or a dispute over the denial of a check reissuance request, Settlement Class Members shall be entitled to submit their claim to a Claims Referee.  Settlement Class Members must first notify the Claims Administrator that they intend to pursue the dispute resolution process, and RMCHCS will have the option, at its sole discretion, to negotiate with the Settlement Class Member to attempt to resolve the dispute, provided that RMCHCS provides prior written notice to Class Counsel of its intent to do so. If RMCHCS elects not to undertake a negotiation process or the process does not resolve the dispute within 30 days from the date the Settlement Class Member notifies the Claims Administrator of the dispute, the Settlement Class Member may then submit the claim to the Claims Referee. RMCHCS will provide notice to Class Counsel of any claims submitted to the Claims Referee. The Claims Referee's findings will be final and binding on both parties. RMCHCS will pay the Claims Referee's fees for the dispute resolution process. Settlement Class Members and RMCHCS will each bear their own attorneys' fees and any other costs of the dispute resolution process, if any. Class Counsel will have the option, but not the obligation, to participate in the dispute resolution process.

(e)    In the event of a dispute over the validity of a claim, or a dispute over the denial of a check reissuance request, so that the services of a Claims Referee are required, Class Counsel and RMCHCS will promptly meet and confer to reach agreement on selection of a Claims Referee. If the Parties are unable to reach agreement within 3 business days, either side may ask the Court before whom this matter is filed to appoint a Claims Referee.

**9.**    **No Other Financial Obligations on RMCHCS:** RMCHCS will not be obligated to pay any fees, expenses, or costs in connection with the Lawsuit or the Settlement Agreement other than the amounts and categories specifically provided for in the Settlement Agreement.

## RELEASE

**10.**    **Release:** Upon the Effective Date, Plaintiffs named in this Settlement Agreement and Release and every Settlement Class Member (except those who timely opt-out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release RMCHCS, all subsidiary, parent and related entities, all officers, directors, shareholders,

employees, attorneys, insurers, successors, and persons who acted on their behalf from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to (a) the Data Breach; and (b) all other claims or causes of action that were pleaded, or that could have been pleaded based on the Data Breach and/or RMCHCS's response to the Data Breach in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

Plaintiffs waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

A GENERAL REELASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement, and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

**11.** **No Release of Unrelated Claims:** Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not apply to any litigation or claim not related to or arising out of the Data Breach, or any such litigation or claims pending against RMCHCS.

## SETTLEMENT APPROVAL PROCESS

**12.** **Preliminary Approval Order:** Plaintiffs will petition the Court for a preliminary order approving the Settlement Agreement (the "Preliminary Approval Order") promptly after the Settlement Agreement has been fully executed. A copy of the proposed Preliminary Approval Order is attached as **Exhibit D**.

**13.** **Class Notice:** Within ten (10) days after entry of the Preliminary Approval Order, RMCHCS will provide a class list to the Claims Administrator with the last-known names, addresses, and emails (if any) of the Settlement Class Members. Within 30 days after entry of the Preliminary Approval Order (the "Notice Deadline"), the Claims Administrator will send the Short Notice (entitled "Notice of Proposed Class Action Settlement") (attached as **Exhibit B**) to Settlement Class Members by U.S. mail or email, if available, which notice will advise that Settlement Class Members have 90 days from the date the Short Form Notice is sent to submit a claim for compensation. The Claims Administrator will send Settlement Class Members to whom RMCHCS previously mailed notice of the Data Breach the above notice via U.S. mail or,

if a valid email address is available, by email. Before mailing the notice, the Claims Administrator will update the Settlement Class Members address through a reliable service of the Claims Administrator's choosing that is consistent with its customary business practices. If a notice is returned to the Claims Administrator as undelivered and a forwarding address is provided, the Claims Administrator will re-mail one additional time to the new address. If a notice that has been emailed is returned as undeliverable, the Claims Administrator shall attempt one additional email execution, and, if not successful, the Claims Administrator shall send the notice by U.S. mail.

14.     **Right of Exclusion:** Settlement Class Members who submit a timely written request for exclusion from the Settlement Class will be excluded from the Settlement Class. Only Settlement Class Members who do not submit a timely written request for exclusion from the Settlement will remain Settlement Class Members entitled to receive benefits pursuant to this Settlement Agreement. A request for exclusion must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the RMCHCS lawsuit." The request must be mailed to the Claims Administrator at the address provided in the Class Notice no later than 60 days after the Notice Deadline, or any other date set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not mailed by the deadline will be invalid, and the person submitting the request will remain a Settlement Class Member. A Settlement Class Member who cashes a check from RMCHCS or submits a valid claim form is not eligible for exclusion, and any request for exclusion will be invalid. Class Counsel will file a list of Settlement Class Members requesting exclusion with the Court. If more than two percent of the Settlement Class Members request exclusion, RMCHCS will have 5 business days from the date it receives written notice from the Claims Administrator of the final number of opt-outs to elect whether or not to cancel this agreement and render the settlement void and of no effect. A copy of the Exclusion Form is attached as **Exhibit F**.

15.     **Right to Object:** Any Settlement Class Member who does not submit a timely written request for exclusion from the Settlement Class may object to the settlement and may appear in person or through counsel, at his or her own expense, at the final approval hearing to present any relevant evidence or argument. No Settlement Class Member will be heard and no papers submitted by any Settlement Class Member will be considered unless, no later than 60 days after the Notice Deadline, or any other date set by the Court, the Settlement Class Member files with the Court and mails to Class Counsel and RMCHCS's counsel written objections that include: (1) the title of the case; (2) the Settlement Class Member's name, address, and telephone number; (3) all legal and factual bases for any objection; and (4) copies of any documents that the Settlement Class Member wants the Court to consider. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived any objections. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in this Section. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Order and Judgment approving this Settlement

Agreement, or any other judgment entered thereon shall be pursuant to appeal under the Federal Appellate Rules of Procedure and not through a collateral attack.

16. **Final Judgment Order:** At the final approval hearing, the parties will ask the Court to enter final judgment (the "Final Judgment and Order"). A copy of the proposed Final Judgment and Order is attached as **Exhibit E**. In the event that the Settlement Agreement is not granted final approval by the Court: (i) the Parties shall be restored to their respective positions in the Lawsuit and shall jointly request that all scheduled deadlines in the Lawsuit be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, unless the Parties mutually agree in writing to proceed with the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, RMCHCS shall be obligated to pay amounts already billed or incurred for costs of notice and claims administration, and shall not, at any time, seek recovery of same from any other Party to the Lawsuit or from counsel to any other Party to the Lawsuit.

17. **Finality of Judgment:** The Final Judgment and Order will be deemed final, and the Effective Date will occur: (a) 35 days after the Final Judgment and Order is entered if no notice of appeal or motion tolling the time for appeal is filed; or (b) if any such document is filed, 14 days after all appellate proceedings (including proceedings in the Court in the event of a remand) have been finally terminated and the Settlement Agreement has been finally approved in all material respects.

## MISCELLANEOUS PROVISIONS

18. **Integration and Drafting:** The Settlement Agreement was drafted and negotiated by counsel for the Parties at arm's length. It sets forth the entire agreement among the Parties.

19. **Amendment, Court Approval, Extensions:** The Settlement Agreement may not be amended without the written consent of all Parties and approval of the Court; provided, however, that the Parties may agree to reasonable extensions of time to carry out any provision of the Settlement Agreement, and provided further that any extension of more than 30 days must be approved by the Court.

20. **Construction:** The Settlement Agreement has been drafted by all Parties and shall not be construed for or against any of the Parties.

21. **Integration of Exhibits:** The exhibits to the Settlement Agreement are incorporated by reference and are an integral part of the Settlement Agreement.

22. **Counterparts:** The Settlement Agreement may be executed in counterparts, each of which will be considered an original. Executed signature pages are valid and enforceable whether they are originals or copies, and whether transmitted by facsimile, email, or any other means.

wrongdoing on the part of RMCHCS or the appropriateness of certification of any class.  By entering into this Settlement Agreement RMCHCS does not admit liability or fault.

      **24.**    **Tax Consequences:** RMCHCS gives no opinion as to the tax consequences of the settlement to Settlement Class Members or anyone else. Each Settlement Class Member's or other person's tax obligations, if any, and the determination of those obligations, are the sole responsibility of the Settlement Class Member or other person. RMCHCS will act as it determines is required by the Internal Revenue Code in reporting any settlement benefit provided pursuant to the Settlement Agreement.

      **25.**    **Cooperation in Effecting Settlement:** The Parties, their successors and assigns, and their attorneys will implement the Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of the Settlement Agreement, cooperate with one another in seeking Court approval of the Settlement Agreement, and use their best efforts to affect the prompt consummation of the Settlement Agreement.

      **26.**    **Publicity:** The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. Notwithstanding the foregoing, the Parties may include on their websites or provide to Settlement Class Members, the notice, any signed orders from the Court regarding the settlement, and may respond to inquiries from Settlement Class Members regarding the substance of the settlement, provided however that such responses shall in no way be disparaging to a Party. RMCHCS may, at its sole discretion, make a public statement about its operating procedures, or changes to these procedures, relating to cybersecurity.

      **27.**    **Authority to Execute Agreement:** Each person executing the Settlement Agreement represents that he or she is authorized to execute it.

Alicia Charlie (Oct 24, 2022 16:00 MDT)

**Alicia Charlie**

Oct 24, 2022

Date:

Darrell Tsosie (Oct 24, 2022 15:41 MDT)

**Darrell Tsosie**

Oct 24, 2022

Date:

Leona Garcia lacy (Oct 25, 2022 06:55 MDT)

**Leona Garcia Lacey**

Oct 25, 2022

Date:

Gary N Hicks for EH (Oct 24, 2022 17:25 PDT)

**E.H. (by and through his guardian, Gary Hicks)**

Oct 24, 2022

Date:

**REHOBOTH MCKINLEY CHRISTIAN HEALTH CARE SERVICES**

**REHOBOTH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES**

_____
Signature

By: _____
            Name

_____
        Title

Date: _____


**Approved as to Form by Counsel:**

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
**Attorneys for Plaintiffs and the Settlement Class**


_____
David K. Lietz
Gary M. Klinger

Date: _____


**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Attorneys for Rehoboth McKinley Christian
Health Care Services


_____
Jon Kardassakis

Date: _____


4889-5754-1434.1 13

Signature

By: _____
        Name

        _____
        Title

Date: _____


**Approved as to Form by Counsel:**

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
**Attorneys for Plaintiffs and the Settlement Class**

*David Lietz*
David Lietz (Oct 24, 2022 17:33 EDT)
_____
David K. Lietz
Gary M. Klinger

Date: Oct 24, 2022
_____


**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Attorneys for Rehoboth McKinley Christian
Health Care Services

_____

Jon Kardassakis


Date: _____

Signature

By: _____

     Name

    _____

     Title

Date: _____

**Approved as to Form by Counsel:**

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
**Attorneys for Plaintiffs and the Settlement Class**

_____

David K. Lietz
Gary M. Klinger

Date: _____

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Attorneys for Rehoboth McKinley Christian
Health Care Services

_____

Jon Kardassakis

Date: _October 24, 2022_

# EXHIBIT A

## If Rehoboth McKinley Christian Health Care Services Notified You of a Data Breach, You May be Eligible for Payment from a Class Action Settlement

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web*

A proposed Settlement has been reached in a class action lawsuit known as *Charlie v. Rehoboth McKinley Christian Health Care Services*, Civil No. 21-652 SCY/KK (D. N.M. 2021).This lawsuit arises out of a data breach that was discovered by Rehoboth McKinley Christian Health Care Services ("RMCHCS or Defendant") on February 16, 2021 and announced by RMCHCS on or around May 19, 2021 involving an unauthorized person gaining access to certain RMCHCS systems containing personally identifiable information ("PII") and protected health information ("PHI") (the "Data Breach"). The PII and PHI that was potentially accessed during the Data Breach varies but may have included for some persons names, addresses, dates of birth, phone numbers, email addresses, Social Security, driver's license, passport and (for Native Americans) tribal identification and Alien Registration Numbers, medical and health insurance information, employment and/or financial account information.

### WHO IS INCLUDED?

You are included in the Settlement as a Settlement Class Member if you were mailed notification that your PII/PHI was potentially impacted as a result of the Data Breach that was discovered on February 16, 2021 and announced on or about May 19, 2021.

### WHAT DOES THE SETTLEMENT PROVIDE?

Settlement Class Members can receive the following benefits from the Settlement: (1) up to $500 for documented out-of-pocket expenses, (2) reimbursement for up to four (4) hours of lost time spent dealing with the Data Breach ($15 per hour), and (3) for a Settlement Class Member who was the victim of actual documented identity theft reimbursement for extraordinary losses up to $3,500 for documented expenses. RMCHCS also agrees to update business practices and to enhance security. Settlement Class Members may also claim two (2) years of free credit monitoring services.

**The only way to receive benefits from the proposed Settlement is to file a claim.** Claim Forms may be submitted online or mailed to the Settlement Administrator at: In re: _____, c/o _____ Settlement Administration, P.O. Box _____, _____. The deadline to file a claim is _____.

### WHAT ARE YOUR OPTIONS?

- **Do nothing.** You will not receive any benefits from the Settlement. You will be legally bound by decisions of the Court, and you give up your right to sue the RMCHCS relating to the claims resolved by this Settlement.
- **Exclude Yourself.** If you do not want to be included in the Settlement, you must submit a written request to the Settlement Administrator, Settlement Class Counsel, and RMCHCS' Counsel by **Month 00, 202_**. You will keep your right to sue RMCHCS about the claims in this case, but you will not receive settlement benefits. Detailed instructions on how to exclude yourself are found at _____.
- **Object/Comment**. You have the right to object to or comment on the Settlement and still get benefits. If you want to object to or tell the Court what you think about the Settlement, you must submit your objection/comment in writing by **Month 00, 202_**. Detailed instructions on how to object or comment are found at _____.

The Court has scheduled a Final Approval Hearing for the Settlement of this case on [Month, day, year] _____ to consider: (1) whether to approve the Settlement; (2) any objections; and (3) Plaintiffs' request for an award of attorneys' fees and costs of up to $300,000 and Class Representative Service Awards of up to $2,500 each. You may attend the Final Approval Hearing and ask to be heard by the Court, but you do not have to attend.

This is only a summary. For more information about the settlement and benefits, visit _____ or call _____.

# EXHIBIT B

NOTICE OF CLASS ACTION AND SETTLEMENT

## If Rehoboth McKinley Christian Health Care Services Notified You of a Data Breach, You May be Eligible for Payment From a Class Action Settlement.

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A court authorized this Notice.*

- A proposed Settlement has been reached in a class action lawsuit known as *Charlie v. Rehoboth McKinley Christian Health Care Services*, Civil No. 21-652 SCY/KK (D. N.M. 2021).This lawsuit arises out of a data breach that was discovered by Rehoboth McKinley Christian Health Care Services ("RMCHCS or Defendant") on February 16, 2021 and announced by RMCHCS on or around May 19, 2021 involving an unauthorized person gaining access to certain RMCHCS systems containing personally identifiable information ("PII") and protected health information ("PHI") (the "Data Breach"). The PII and PHI that was potentially accessed during the Data Breach varies but may have included for some persons names, addresses, dates of birth, phone numbers, email addresses, Social Security, driver's license, passport and (for Native Americans) tribal identification and Alien Registration Number, medical and health insurance information, employment and/or financial account information.

- All Settlement Class Members who timely submit claims can receive the following benefits from the Settlement: (1) up to $500 for documented out-of-pocket expenses, (2) reimbursement for up to four (4) hours of lost time spent dealing with the Data Breach ($15 per hour), and (3) a Settlement Class Member who was the victim of actual documented identity theft may claim reimbursement for extraordinary losses up to $3,500 for documented expenses. RMCHCS also agrees to update business practices and enhance security.

- Credit Monitoring: Settlement Class Members will also have the opportunity to enroll in two (2) years of credit monitoring services.

- You are included in this Settlement as a Settlement Class Member if RMCHCS sent you a notice on or around May 19, 2021 about the Data Breach that occurred on February 16, 2021, which notice indicated that your PII/PHI was potentially accessed as a result of the Data Breach.

**This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.**

**Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim and/or Receive Credit Monitoring** | **You must submit a Valid Claim to get money and credit monitoring from this Settlement.**<br>Claim Forms must be submitted online by _____ **p.m.** _____ **Time** or, if mailed, postmarked no later than _____. |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br>You give up your rights to sue and you will not get any money. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.**<br>This is the only option that allows you to keep your right to sue about the claims in this lawsuit. You will not receive settlement benefits.<br>Your request to exclude yourself must be postmarked no later than ____. |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be postmarked no later than ____. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br>The Final Approval Hearing is scheduled for _____. |

1

## WHAT THIS NOTICE CONTAINS

**Basic Information**.................................................................................................**Pages 4-5**

    1.   How do I know if I am affected by the Lawsuit and Settlement?
    2.   What is this case about?
    3.   Why is there a Settlement?
    4.   Why is this a class action?
    5.   How do I know if I am included in the Settlement?

**The Settlement Benefits**........................................................................................**Pages 5-7**

    6.   What does this Settlement provide?
    7.   How to submit a Claim?
    8.   What am I giving up as part of the Settlement?
    9.   Will the Class Representatives receive compensation?

**Exclude Yourself**....................................................................................................**Page 8**

    10.   How do I exclude myself from the Settlement?
    11.   If I do not exclude myself, can I sue later?
    12.   What happens if I do nothing at all?

**The Lawyers Representing You**..............................................................................**Page 8**

    13.   Do I have a lawyer in the case?
    14.   How will the lawyers be paid?

**Objecting to the Settlement**..................................................................................**Page 9-10**

    15.   How do I tell the Court that I do not like the Settlement?
    16.   What is the difference between objecting and asking to be excluded?

**The Final Fairness Hearing**..................................................................................**Page 10**

    17.   When and where will the Court decide whether to approve the Settlement?
    18.   Do I have to come to the hearing?
    19.   May I speak at the hearing?

**Do Nothing**.............................................................................................................**Page 10**

    20.   What happens if I do nothing?

**Get More Information**............................................................................................**Page 10**

    21.   How do I get more information about the Settlement?

2

BASIC INFORMATION

### 1. How do I know if I am affected by the Lawsuit and Settlement?

You are a Settlement Class Member if you are one of the approximately 191,009 persons who were mailed notification on or about May 19, 2021 that their PII/PHI was potentially impacted as a result of the Data Breach that was discovered by RMCHCS on February 16, 2021.

Specifically excluded from the Settlement Class are: (i) RMCHCS's officers and directors; (ii) any entity in which RMCHCS has a controlling interest; (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of RMCHCS (not including employees); and (iv) members of the judiciary to whom this case is assigned, their families and members of their staff.

### 2. What is this case about?

The case is known as *Charlie v. Rehoboth McKinley Christian Health Care Services*, Civil No. 21-652 SCY/KK (D. N.M. 2021). The people who sued are called the "Plaintiffs," and the company they sued, Rehoboth McKinley Christian Health Services Center, is known as the "Defendant" in the case and in this Notice. United States District Magistrate Judges Steven C. Yarbrough and Kirtan Khalsa of the United States District Court, District of New Mexico are the judges in this case.

Plaintiffs filed a lawsuit against Defendant, on behalf of themselves and a class of similarly situated individuals, whose PII and PHI was potentially accessed as a result of the Data Breach.

This lawsuit arises out of a network intrusion that was discovered by RMCHCS February 16, 2021 and announced by Defendant on or about May 19, 2021 involving an unauthorized person gaining access to RMCHCS's computer systems containing PII and PHI (the "Data Breach"). The PII and PHI that was potentially accessed in the Data Breach varies but may have included for some person  names, addresses, dates of birth, phone numbers, email addresses, Social Security, driver's license, passport and (for Native Americans) tribal identification and Alien Registration numbers, medical and health insurance information, employment and/or financial account information.. Defendant denies any wrongdoing. After learning of the Data Breach, notification was mailed to approximately 207,195 individuals that their PII/PHI may have been impacted by the Data Breach.

### 3. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representatives, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, best for the Class Members. The Court did not decide in favor of the Plaintiffs or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at _____

### 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members."

### 5. How do I know if I am included in the Settlement?

You are included in the Settlement as a Settlement Class Member if you were mailed notification that your PII/PHI was potentially impacted as a result of the Data Breach that was discovered on February 16, 2021 and announced on or about May 19, 2021. If you have any other questions about the Settlement, visit _____, call toll free _____, or write to _____.

3

THE SETTLEMENT BENEFITS

## 6. What does this Settlement provide?

a.   The proposed Settlement will provide the following benefits to Settlement Class Members:

b.   **Compensation or Out-of-Pocket Losses and Lost Time:** Defendant will agree to make available the following compensation to Settlement Class Members who submit valid and timely claim forms.  Claims will be subject to review for completeness and plausibility by the Claims Administrator, and Settlement Class Members will have the opportunity to seek review by a third-party Claims Referee, at Defendant's expense, if they dispute the Claims Administrator's initial determination.

c.   **Compensation for Ordinary Losses**: Defendant will reimburse documented out of pocket expenses incurred as a result of the Data Breach, up to a maximum of $500.00 per person, upon submission of a claim and supporting documentation, such as the following losses:

  i.   Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

  ii.   Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between May 19, 2021 and the date of the Settlement Agreement;

  iii.   Compensation for up to four (4) hours of lost time, at $15/hour, for a maximum of up to $60 per person, if at least one (1) full hour was spent dealing with the Data Breach.  Class members may submit claims for up to four (4) hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Breach.  This payment shall be included in the $500 per person cap for Compensation for Documented Out-of-Pocket Losses and Lost Time.

  iv.   This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, but is exemplary.  Settlement Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Breach or to mitigating the effects of the Data Breach. The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Breach.

d.   **Compensation for Extraordinary Losses**:  Defendant will provide up to $3,500 in compensation to each Settlement Class Member who was the victim of actual documented identity theft and documents monetary loss arising from actual identity theft if:

  i.   The loss is an actual, documented, and unreimbursed monetary loss;

  ii.   The loss was more likely than not caused by the Data Breach;

  iii.   The loss occurred between May 19, 2021 and the date of the Settlement Agreement;

  iv.   The loss is not already covered by one or more of the normal reimbursement categories; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

e.   **Credit Monitoring**: Defendant will pay for credit monitoring services as follows:

  All Settlement Class Members may claim two (2) years of free credit monitoring services. If a Settlement Class Member claims this benefit, he or she will be mailed an activation code and instructions to the address he or she provides on the Claim Form after the Settlement becomes

final. The Settlement Class Member will need to follow the instructions and use the activation code that he or she receives in the mail to enroll in the services. Credit monitoring protections will not begin until the Settlement Class Member uses the activation code to enroll in the services. Settlement Class Members may provide an email address on the Claim Form if they prefer to receive their instructions and activation code via email, rather than by mail.

## 7.  How to submit a Claim?

All Claims will be reviewed by the Settlement Administrator and/or a claims referee. You must file a Claim Form to get any money from the proposed Settlement. Claim Forms must be submitted online by _____ or postmarked no later than _____. You can download a Claim Form at _____ or you can call the Claims Administrator at _____.

## 8.  What am I giving up as part of the Settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue the Defendant and its Released Persons (all subsidiary, parent and related entities, all officers, directors, shareholders, employees, attorneys, insurers, successors, and persons who acted on their behalf) regarding the claims in this case. The Settlement Agreement, which includes all provisions about settled claims, releases, and Released Persons, is available at _____.

The only way to keep the right to sue is to exclude yourself (Question 10), otherwise you will be included in the Settlement Class, if the Settlement is approved, and you give up the right to sue for the claims in this case.

## 9.  Will the Class Representatives receive compensation?

Yes. Four Class Representatives will receive a service award of up to a maximum total amount of $2,500.00 each ($10,000.00 total), to compensate them for their services and efforts in bringing the lawsuit. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.  The Class Representatives in this case are Alicia Charlie, Leona Garcia Lacey, Darrell Tsosie, and E.H., by and through his guardian, Gary Hicks.

**E**XCLUDE **Y**OURSELF

**10. How do I exclude myself from the Settlement?**

If you do not want to be included in the Settlement, you must send a written request for exclusion, postmarked no later than _____ to:

[ADDRESS]

Your written request for exclusion must state your name, address, and phone number (or the name, address, and phone number of the person seeking exclusion) and must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the RMCHCS lawsuit."

If you exclude yourself, you will not be able to receive any cash benefits from the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you will keep your right to sue the Defendant on your own for the claims that this Settlement involves.

You may visit the Settlement Website at _____ to download an Exclusion Form.

**11. If I do not exclude myself, can I sue later?**

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Persons (listed in Question 8) for the claims this Settlement resolves.

**12. What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Persons (listed in Question 8) about the settled claims in this case at any time.

**T**HE **L**AWYERS **R**EPRESENTING **Y**OU

**13. Do I have a lawyer in the case?**

Yes. The Court has appointed David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC (called "Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14. How will the lawyers be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees and litigation expenses in an amount not to exceed $300,000.00. A copy of Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards will be posted on the Settlement Website, _____, after it is filed. The Court will make the final decisions as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

6

**OBJECTING TO THE SETTLEMENT**

**15. How do I tell the Court that I do not like the Settlement?**

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you can submit an Objection telling it why you do not think the Settlement should be approved. Objections must be submitted in writing and include all the following information:

(i)    the title of the case;

(ii)   your name, address, and telephone number;

(iii)  all legal and factual bases for your objection; and

(iv)   copies of any documents that you want the Court to consider.

Should you wish to appear at the Final Approval Hearing, you must so state, and you must identify any documents or witnesses that you intend to call on your behalf.

Your Objection must be submitted to the Clerk of the Court by first-class U.S. mail, received no later than _____, to:

[ADDRESS]

It must include the case name and docket number: *Charlie v. Rehoboth McKinley Christian Health Care Services*, Civil No. 21-652 SCY/KK (D. N.M. 2021). (the "*Charlie* Action"). In addition, you must mail a copy of your Objection to Class Counsel and Defense Counsel postmarked no later than _____:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| David K. Lietz<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>5335 Wisconsin Avenue NW<br>Suite 440<br>Washington, DC 20015 | Jon Kardassakis<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>633 W. 5th Street<br>Suite 4000<br>Los Angeles, CA 90071 |
| Gary M. Klinger<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>227 West Monroe Street<br>Suite 2100<br>Chicago, IL 60606 | |

If you do not submit your Objection with all requirements, or if your Objection is not received by _____, you will be considered to have waived all Objections and will not be entitled to speak at the Final Approval Hearing.

**16. What is the difference between objecting and asking to be excluded?**

7

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE FINAL APPROVAL HEARING

### 17.   When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at _____ **[a.m./p.m.]** on _____, at Courtroom _____, of the _____. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be approved. If there are valid Objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of attorneys' fees and costs to Class Counsel and the request for Service Awards to the Class Representatives.

### 18.   Do I have to come to the hearing?

No. You are not required to come to the Final Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your Objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary.

### 19.   May I speak at the hearing?

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. To request permission to speak, you must file an Objection according to the instructions in Question 15, including all the information required. You cannot speak at the hearing if you exclude yourself from the Settlement.

### DO NOTHING

### 20.   What happens if I do nothing?

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case, and you will release the claims against Defendant described in Question 8.

### GET MORE INFORMATION

### 21.   How do I get more information about the Settlement?

This is only a summary of the proposed Settlement. If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the complaint, the Court's Preliminary Approval Order, Class Counsel's Application for Attorneys' Fees and Expenses, and more, please visit _____or call _____. You may also contact the Settlement Administrator at _____----

8

PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT
OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGES, OR
DEFENDANT, OR DEFENDANT'S COUNSEL.

# EXHIBIT C

## REHOBOTH DATA BREACH
## CLAIM FORM

This Claim Form should be filled out and submitted by mail if you received notice that your personally identifiable information ("PII") or protected health information ("PHI") was potentially accessed in the Data Breach involving Rehoboth McKinley Christian Health Care Services ("RMCHCS") that was discovered on February 16, 2021 and announced on May 19, 2021.

You may receive a payment if you properly and timely complete and submit this Claim Form, the settlement is approved, and you are found to be eligible for a payment.

The Notice describes your legal rights and options. You can obtain the Notice and further information about the Lawsuit, the Settlement Agreement and Release ("Settlement Agreement"), and your legal rights and options on the official Settlement Website, www._____.com, or by calling 1-xxx-xxx-xxxx.

Your claim must be submitted online or postmarked by _____, 202_ to be considered for payment. You can submit your claim for a settlement award in two ways:

1.  Online at www._____.com by following instructions on the "Submit a Claim" page; or

2.  By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Claim Form may be submitted per Settlement Class Member.

## 1.      CLASS MEMBER INFORMATION (REQUIRED)

Name (First, MI, Last): _____

Address: _____

City: _____      State: _____      Zip Code: _____

Phone: _____      Email (if any): _____

Also, please provide the Class Member ID the Claims Administrator provided to you in the letter or email notifying you of the Settlement. If you do not have this information but believe you may be a class member, please contact the Claims Administrator at <<Phone Number>>.

Class Member ID: _____

## 2.      PAYMENT ELIGIBILITY INFORMATION AND CREDIT MONITORING SERVICES (REQUIRED)

For more information about this Section of the Claim Form and the types of awards available and rules for receiving an award, please review the Notice and Section 3 of the Settlement Agreement (available at www._____.com). You may select any or all of the awards for which you are eligible.

1

### A.  Lost-Time Reimbursement.

You may be eligible for reimbursement of up to four (4) hours of lost time spent dealing with issues related to the Data Breach (at $15 per hour with a maximum payment for lost time of $60) with an attestation that you spent the number of hours claimed responding to issues raised by the Data Breach.

You must have spent at least one full hour to make a claim. Check only one box.

How much time did you spend (check one)?

□ 1 Hour ($15) □ 2 Hours ($30) □ 3 Hours ($45) □ 4 Hours ($60)

**Attestation**

□ I swear and affirm that I spent the number of hours claimed above responding to issues raised by the Data Breach.

### B.  Documented Ordinary Out-of-Pocket Expenses.

You may receive reimbursement for documented out-of-pocket expenses or costs incurred as a result of the Data Breach, up to a total of $500.  The maximum amount RMCHSC is required to pay per Claim for ordinary out-of-pocket expenses is $500. To do so, (1) itemize your expenses or out-of-pocket costs in the chart below; (2) sign the certification at the end of this Claim Form, attesting that all information submitted is true and correct, that you incurred these expenses as a result of the Data Breach, and that none of your claimed out-of-pocket expenses have already been reimbursed by any other source; (3) include with this Claim Form documentation supporting each claimed expense or cost; and (4) provide your address above.

*Documentation is required for claimed expenses. You must provide documentation to claim reimbursement.*

| Date | Description | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Total: _____

**Documentation:** Attach supporting documentation. For example, a bank statement showing claimed fees (you may redact unrelated transactions and all but the last four digits of any account number).

### C.  Documented Out-Of-Pocket- Extraordinary Expense Reimbursement.

A Settlement Class Member who was the victim of actual documented identity theft may receive reimbursement for documented extraordinary out-of-pocket expenses or costs incurred as a result of the Data Breach, up to $3,500.  The maximum amount RMCHSC is required to pay per Claim for

out-of-pocket extraordinary expenses is $3,500.  To do so, (1) the loss must be an actual, documented and unreimbursed monetary loss; (2) the loss must be more likely than not caused by the Data Breach; (3) the loss must have occurred between May 19, 2021 and the date of the Settlement Agreement; and (4) the loss must not be already covered by one or more of the reimbursement categories listed for Ordinary Expenses and you must have made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Include with this Claim Form documentation supporting each claimed expense or cost and provide your address above.

*You must provide documentation of identity theft and documentation of the claimed expense with a detailed description below or in a separate document submitted with this Claim Form.*

| Date | Description | Amount |
|------|-------------|--------|
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |

Total: _____

### 3.      CREDIT MONITORING SERVICES

All Settlement Class Members may claim two (2) years of free credit monitoring services.

□ Yes, I want to claim two (2) years of free Credit Monitoring services.

If you select "YES" for this benefit, you will be mailed an activation code and instructions to the address you provided in Section 1 above after the Settlement is final. You will need to follow the instructions and use the activation code that you receive in the mail to enroll in the credit monitoring services. Credit monitoring protections will not begin until you use your activation code to enroll in the services. If you prefer to receive your instructions and activation code by email rather than by mail, please provide your email address below:

Email address: _____

### 4.      PAYMENT METHOD

**If you prefer to receive payment via Venmo, PayPal, Zelle, Prepaid Mastercard or Direct Deposit (instead of a check), you must submit a Claim Form online on the Settlement Website at www._____.com.**

3

**5.     CERTIFICATION**

The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

Signature: _____

Print Name: _____

Date: _____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by _____, 202_.

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALICIA CHARLIE, *et al.*,

        Plaintiffs,

    v.

REHOBOTH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES,

        Defendant.

CIVIL NO. 21-652 SCY/KK

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

      Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. ___)** (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion (the "Settlement Agreement").[1]

      Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

      1.  **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All persons whom on or about May 19, 2021 Rehoboth McKinley Christian Health Care Services sent Notice of a Data Breach that was discovered on

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

February 16, 2021, which involved an unauthorized person gaining access
to certain systems containing PII/PHI.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Lawsuit on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Lawsuit.

2.     **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Alicia Charlie, Leona Garcia Lacey, Darrell Tsosie, and E.H., by and through his guardian, Gary Hicks will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Representatives. Additionally, the Court finds that David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC will likely satisfy the requirements

2

of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.  **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.  **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.  **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 202___, at the United States District Court, District of New Mexico, Pete V. Domenici United States Courthouse, 333 Lomas Blvd NW, Courtroom _____, Albuquerque, New Mexico 87102 [or via telephone or videoconference], among other things, whether: (a) this Lawsuit should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement;

3

(e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for Service Awards should be approved.

6.      **Claims Administrator**. The Court appoints Kroll Settlement Administration LLC as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties, but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and the Due Process Clause(s) of the United States and New Mexico Constitutions. The Court further finds that the Notice is written in plain language,

4

uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion to permit issuance of notice, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the RMCHSC lawsuit."

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If a Final Order and Judgment is entered, any Settlement Class Member who has not

submitted a timely, valid written Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to, the release set forth in the Final Order and Judgment. Settlement Class Members who submit valid and timely Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

11.     **<u>Objections and Appearances</u>**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court, and to mail copies to Class Counsel and RMCHSC's counsel. The Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i). the title of the case; (ii) the Settlement Class Member's name, address, and telephone number; (iii) all legal and factual bases for any objection; and (iv) copies of any documents that the Settlement Class Member wants the Court to consider. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline established by this Order and stated in the Notice.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from

the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Lawsuit, including, but not limited to, the release set forth in the Final Order and Judgment if entered.

12.     **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the release.

13.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c)

7

there is no Effective Date; or (4) the number of Opt-Outs is greater than 2% of the estimated

Settlement Class and RMCHCS elects to cancel the settlement within 5 business days from the

date it receives written notice from the Claims Administrator of the final number of Opt-Outs. In

such event, the Settlement and Settlement Agreement shall become null and void and be of no

further force and effect, and neither the Settlement Agreement nor the Court's orders, including

this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.    **Use of Order**. This Order shall be of no force or effect if the Final Order and

Judgment is not entered or there is no Effective Date and shall not be construed or used as an

admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach,

or liability. Nor shall this Order be construed or used as an admission, concession, or declaration

by or against the Class Representatives or any other Settlement Class Member that his or her claims

lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any

party of any defense or claims they may have in this Lawsuit or in any other lawsuit.

15.    **Continuance of Hearing**. The Court reserves the right to adjourn or continue the

Final Approval Hearing and related deadlines without further written notice to the Settlement

Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on

the Settlement Website maintained by the Claims Administrator. The Court may approve the

Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without

further notice to the Settlement Class.

17.    **Stay of Litigation.** All proceedings in the Litigation other than those related to

approval of the Settlement Agreement are hereby stayed. Further, any actions brought by

Settlement Class Members concerning the Released Claims are hereby enjoined and stayed

pending Final Approval of the Settlement Agreement.

17.   __Schedule and Deadlines__. The Court orders the following schedule of dates for the

specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Claims Administrator acting on behalf of Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| **Defendant Provides Class List to Claims Administrator** | Within 10 days after entry of this Preliminary Approval Order |
| **Notice Deadline for Claims Administrator to Begin Sending Short Form Notice (Either by Postcard or Email, if Available)** | Within 30 days after the entry of Preliminary Approval Order |
| **Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel** | At least 14 days prior to the Opt-Out/Objection Deadlines |
| **Postmark Deadline for Requests for Exclusion (Opt-Out) or Objections** | 60 days after Notice Deadline |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after Notice Deadline |
| **Motion for Final Approval to be Filed by Class Counsel** | At Least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 120 days after entry of this Preliminary Approval Order |

**DONE AND ORDERED** in Albuquerque, New Mexico on this ___day of _____, 202__.


_____
HONORABLE _____
UNITED STATES MAGISTRATE JUDGE

**<u>Approved:</u>**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By*: /s/ Jon P. Kardassakis*
    Jon P. Kardassakis
    633 W. 5th Street, Suite 4000
    Los Angeles, California 90071
    Telephone: 213.680.5040
    Facsimile: 213.250.7900
    jon.kardassakis@lewisbrisbois.com

    *Attorneys for Rehoboth McKinley Christian*
    *Health Care Services*

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALICIA CHARLIE, *et al.*,

        Plaintiffs,

    v.

REHOBOTH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES,

        Defendant.

CIVIL NO. 21-652 SCY/KK

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") involving Plaintiffs Alicia Charlie, Leona Garcia Lacey, Darrell Tsosie, and E.H., by and through his guardian, Gary Hicks (collectively, "Plaintiffs" or "Class Representatives"), on behalf of themselves and a class of similarly situated individuals, and Defendant Rehoboth McKinley Christian Health Care Services ("RMCHCS" or "Defendant"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Awards to Plaintiffs ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. __)** which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as Class Representatives and appointed as Class Counsel David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on _____[DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on _____[DATE], the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys'

2

fees and costs to Settlement Class Counsel, and the payment of Service Awards to the Class Representatives;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to  approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for RMCHCS, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good  cause  appearing:

IT IS ORDERED that:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiffs' Complaint and Jury Demand against  RMCHCS for failure to implement or maintain adequate data security measures for the

3

sensitive information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.      The Settlement does not constitute an admission of liability by RMCHCS, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons whom on or about May 19, 2021 Rehoboth McKinley Christian Health Care Services sent Notice of a Data Breach that was discovered on February 16, 2021, which involved an unauthorized person gaining access to certain systems containing PII/PHI.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4

7.     The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

A.     RMCHCS to institute Claims Payment and Settlement Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and RMCHCS.

B.     RMCHCS to pay all costs of Claims Payment and Settlement Administration, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

C.     RMCHCS to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.     The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing,

Plaintiffs' application for attorneys' fees, costs, and expenses, and the proposed Service Award payments to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.     The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10.    The Court finds that RMCHCS has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.    As of the Opt-Out deadline, ____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.    The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14.    Pursuant to the Settlement Agreement, RMCHCS, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

6

15.     Within the time period set forth in the Settlement Agreement, the relief provided

for in the Settlement Agreement shall be made available to the various Settlement Class Members

submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement

Agreement.

16.     Pursuant to and as further described in the Settlement Agreement, Plaintiffs and

the Settlement Class Members release claims as follows:

> Upon the Effective Date, Plaintiffs named in this Settlement Agreement and
> Release and every Settlement Class Member (except those who timely opt-out), for
> themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs,
> successors, and assigns, in consideration of the relief set forth in the Settlement Agreement,
> fully and finally release RMCHCS, all subsidiary, parent and related entities, all officers,
> directors, shareholders, employees, attorneys, insurers, successors, and persons who acted
> on their behalf from any and all claims or causes of action, whether known or unknown,
> that concern, refer or relate to (a) the Data Breach; and (b) all other claims or causes of
> action that were pleaded, or that could have been pleaded based on the Data Breach and/or
> RMCHCS's response to the Data Breach in the Lawsuit. The claims released in this
> paragraph are referred to as the "Released Claims," and the parties released are referred to
> as the "Released Parties."

> Plaintiffs waive any principles of law similar to and including Section 1542 of the
> California Civil Code, which provides:

>> A GENERAL REELEASE DOES NOT EXTEND TO CLAIMS THAT THE
>> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
>> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
>> EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
>> HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
>> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

> Plaintiffs agree that Section 1542 and all similar federal or state laws, rules, or legal
> principles of any other jurisdiction are knowingly and voluntarily waived in connection
> with the claims released in the Settlement Agreement, and agree that this is an essential
> term of the Settlement Agreement. Plaintiffs and the Settlement Class Members
> acknowledge that they may later discover claims presently unknown or suspected, or facts
> in addition to or different from those which they now believe to be true with respect to the
> matters released in the Settlement Agreement. Nevertheless, Plaintiffs and Settlement
> Class Members fully, finally, and forever settle and release the Released Claims against
> the Released Parties.

7

Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not apply to any litigation or claim not related to or arising out of the Data Breach, or any such litigation or claims pending against RMCHCS.

Released Claims do not include the right of any Settlement Class Member, Class Counsel, or any of the Released Parties to enforce the terms of the Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Class Representatives in the amount of $2,500.00 each (for a total amount of $10,000.00) as a Service Award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18.     The Court affirms the appointment of David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel, and finds that they have adequately represented the interests of the Settlement Class.

19.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for combined attorneys' fees, costs, expenses in the amount of $300,000.00. Payment shall be made pursuant to the terms of the Settlement Agreement.

20.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against RMCHCS of any claim, any fact alleged in the Lawsuit, any fault, any wrongdoing, any violation of law, or any

8

liability of any kind on the part of RMCHCS or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by RMCHCS, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including but not limited to enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by RMCHCS that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

21.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions

9

of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Lawsuit, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

22.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24.     This Order resolves all claims against all parties in this action and is a final order.

25.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**DONE AND ORDERED** in Albuquerque, New Mexico on this ___day of _____, 202__.


_____
HONORABLE _____
UNITED STATES DISTRCT COURT JUDGE

10

# EXHIBIT F

**CHARLIE v. REHOBOTH McKINLEY CHRISTIAN HEALTH CARE SERVICES,
CIVIL NO. 21-652 SCY/KK**

**Class Action Settlement
Exclusion Form**

COMPLETE THIS FORM IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT.

DEADLINE:  The exclusion form must be received on or before <<DATE>>. You may mail the form to:

Charlie v. Rehoboth McKinley Christian Health Care Services
c/o _____ – Request for Exclusion
<<PO BOX>>
City, State, XXXXX

By completing this form, you are opting out and excluding yourself from this Settlement.  You will retain your right to sue Rehoboth McKinley Christian Health Care Services for the claims involved in this Settlement. However, you will not be able to file a claim, object, or receive money or benefits from this Settlement.

**Instructions:** Fill out each section of this form and sign where indicated. You must fill out each section that is marked with an asterisk.

---

**Name \*:** _____     _____     _____
  *First Name\**                             *M.I.*        *Last Name \**

**Street Address \*:** _____

**City \*:** _____

**State \*:** ____ ____       **Zip Code \*:** ___ ___ ___ ___ ___

**Email Address:** _____ @ _____ .

**Phone Number\*:**  (__ ___ ___) ___ ___ ___ - ___ ___ ___ ___

---

  By signing this Exclusion Request Form, I hereby opt out of this Settlement and understand that I will have no right to receive any money or benefits under the Settlement in this case, and I will have no right to object to the Settlement and be heard at the Final Approval Hearing.

---

**SIGNATURE \*:** _____     **PRINTED NAME \*:** _____

**DATED \*:**      ___ ___ / ___ ___ / ___ ___ ___ ___

---