IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALICIA CHARLIE, *et al.*,

    Plaintiffs,

v.

REHOBOTH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES,

    Defendant.

CIVIL NO. 21-652 SCY/KK

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") involving Plaintiffs Alicia Charlie, Leona Garcia Lacey, Darrell Tsosie, and E.H., by and through his guardian, Gary Hicks (collectively, "Plaintiffs" or "Class Representatives"), on behalf of themselves and a class of similarly situated individuals, and Defendant Rehoboth McKinley Christian Health Care Services ("RMCHCS" or "Defendant"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Awards to Plaintiffs ("Motion for Attorneys' Fees"). The Court defers a decision on attorneys' fees and expenses to class counsel, but grants the requested service awards.

Having reviewed and considered the Settlement Agreement and Motion for Final Approval, and having conducted a final approval hearing, the Court makes the findings and grants

the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on January 9, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. 45)** which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as Class Representatives and appointed as Class Counsel David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on February 8, 2023, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on May 24, 2023, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were

properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of Service Awards to the Class Representatives;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for RMCHCS, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

IT IS ORDERED that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Complaint and Jury Demand against RMCHCS for failure to implement or maintain adequate data security measures for the

sensitive information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.  The Settlement does not constitute an admission of liability by RMCHCS, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.  Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.  The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons whom on or about May 19, 2021 Rehoboth McKinley Christian Health Care Services sent Notice of a Data Breach that was discovered on February 16, 2021, which involved an unauthorized person gaining access to certain systems containing PII/PHI.

6.  The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.  The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    A.  RMCHCS to institute Claims Payment and Settlement Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and RMCHCS.

    B.  RMCHCS to pay all costs of Claims Payment and Settlement Administration, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

    C.  RMCHCS to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.  The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing,

Plaintiffs' application for attorneys' fees, costs, and expenses, and the proposed Service Award payments to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10. The Court finds that RMCHCS has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, 11 potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14. Pursuant to the Settlement Agreement, RMCHCS, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Upon the Effective Date, Plaintiffs named in this Settlement Agreement and Release and every Settlement Class Member (except those who timely opt-out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release RMCHCS, all subsidiary, parent and related entities, all officers, directors, shareholders, employees, attorneys, insurers, successors, and persons who acted on their behalf from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to (a) the Data Breach; and (b) all other claims or causes of action that were pleaded, or that could have been pleaded based on the Data Breach and/or RMCHCS's response to the Data Breach in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."
>
> Plaintiffs waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:
>
>> A GENERAL REELASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.
>
> Plaintiffs agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement, and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not apply to any litigation or claim not related to or arising out of the Data Breach, or any such litigation or claims pending against RMCHCS.

Released Claims do not include the right of any Settlement Class Member, Class Counsel, or any of the Released Parties to enforce the terms of the Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Class Representatives in the amount of $2,500.00 each (for a total amount of $10,000.00) as a Service Award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18. The Court affirms the appointment of David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel, and finds that they have adequately represented the interests of the Settlement Class.

19. Although the Court approves of the parties' agreement to cap at $300,000 the combined attorneys' fees, costs, and expenses, the Court will in a separate Order issue a decision setting forth the precise amount of attorneys' fees, costs, and expenses that it is allowing.

20. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against RMCHCS of any claim, any fact alleged in the Lawsuit, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of RMCHCS or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the

8

Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by RMCHCS, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including but not limited to enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by RMCHCS that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

21.   If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in

the Lawsuit, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

22. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24. Except for resolving the amount of attorneys' fees, costs, and expenses allowed, this Order resolves all claims against all parties in this action and so is final as to those claims.

SO ORDERED.

_____
HONORABLE STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE